UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DR. WESLEY McFARLAND, ET AL.                                             PLAINTIFFS

V.                                                   CIVIL ACTION NO. 1:06cv466-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                              DEFENDANTS
AND UNKNOWN DEFENDANTS

**ORDER**

The United States Magistrate Judge entered a [23] show cause order in this action because of his concern that the prospect of over 600 individually joined plaintiffs might require severance. He gave counsel for the parties the opportunity to brief the issue.

After considering counsel's input, the Magistrate concluded [39] that the Plaintiffs should be required to file separate complaints corresponding to individual parcels of damaged property. The Plaintiffs have filed [40] objections to the severance order. Plaintiffs attached as exhibits to their claim for relief an excerpt from a deposition taken in another cause of action against Defendant State Farm (in which, ironically, class certification was denied) and a report entitled "Hurricane Katrina Damage Survey" prepared by Timothy P. Marshall of Haag Engineering Co..

Interestingly, the deposition of Defendant's 30(b)(6) designee in *Guice v. State Farm Fire and Casualty Co.*, Civil Action No. 1:06cv1, reveals the following relevant testimony:

> [T]here were *some* cases that we noted that we no longer needed to hire an engineer in order to determine what caused the damage on *those* locations.
>
> . . . .
>
> [M]ore information was out there on the internet, the newspapers, our weather data information was coming in, our physical inspection of locations and seeing the actual physical damage throughout the Gulf Coast, just more and more of that type of information was coming in so that we could more easily determine what had caused the damage to *certain* homes in *certain* locations.
>
> Q. Did you take them a home at a time?
>
> A. *One at a time*. . . . Well, we handle every claim *one at a time. Every one of them is different.* There was no blanket, widespread, we're not going to do this anywhere. It was each claim representative and team manager make that decision

on the *specific claim file*, as to whether we needed an engineer or not.

(Emphasis added).

The unauthenticated damage survey contains damage observations from Bay St. Louis/Waveland to Pascagoula in Mississippi (Long Beach, D'Iberville, Ocean Springs, Gautier, and Moss Point are not afforded separate treatment).

The [1]Complaint, along with [32] and [34] a First Amended Complaint, are not specific as to the damages suffered by each named Plaintiff; indeed, it is evident that some individuals have been left with a slab and others with some form of structure.  As Defendant points out, the terms "many" and "often" appear in various allegations.  In addition, every city and town along the Mississippi Gulf Coast has residents in the suit, and it is beyond argument that certain segments within each municipality were impacted in different ways .  It is noteworthy that the pleadings on behalf of these 600 plus are not at all dissimilar from those filed earlier in separate cases on behalf of certain Plaintiffs represented by counsel here.

Plaintiffs' argument for joinder is simplistic:  the common occurrences of Hurricane Katrina, the damage it wrought, and the denial of insurance coverage allow proceeding under Fed. R. Civ. P. 20(a).  They make the broad claim that the Court and the parties will realistically only be able to try 10 to 15 cases a year if severance occurs.  Counsel for Defendant does not help matters when he appears to rule out consolidation, which in essence is putting the cart before the horse, and ignores a significant aspect of the Magistrate's severance order in which he recognized that the Court may consolidate issues for trial pursuant to Fed. R. Civ. P. 42.

Converting a liberal construction of Rule 20 into an allowance of blanket joinder is akin to isolating one provision of an insurance contract to claim across-the-board coverage or exclusion and yet failing to read the entire policy–in other words, arguing liberal or literal interpretation for or against without considering all of its specific provisions or the numerous factual circumstances against which they may be applied.  It would also be inconsistent for this Court to deny class certification in a setting where similar broad claims were made and at the same time allow the instant action to go forward in what the Magistrate accurately described as a "quasi-class action lawsuit but without regard for the rigid requirements for class certification."

Even with the benefit of hindsight, this Court is convinced that through various means it is construing and administering the Federal Rules of Civil Procedure to secure the just, speedy, and inexpensive determination of every action.  For example, the Court recently concluded a successful pilot mediation program, and is embarking on an expanded next round.  Aside from the obvious benefit of reaching agreed settlements in a promising number of cases, certain common issues are being identified, including but not limited to the interaction between flood policies and homeowner policies that cover property at a single location.  That same issue, which has not been formally presented to the Court,  may apply to certain plaintiffs named in this action.

This Court does not have the luxury of wearing blinders in managing the Hurricane

Katrina insurance litigation.  It would be simple enough to conclude that Plaintiffs have not carried their burden under Fed. R. Civ. P. 72 of showing that the Magistrate's order of severance is clearly erroneous or contrary to law, but that would accomplish little without some direction.  It is also worth observing that the prospect of a ruling contrary to one's position should not call for the alternative threats of an interlocutory appeal (without any citation of authority supporting one) or forum shopping by requesting the Court to enter a dismissal order under Fed. R. Civ. P. 41 so that Plaintiffs can inundate the state court system, if they so choose.

The choices afforded by Rule 16 of the Federal Rules, on the other hand, are valuable tools for managing cases.  Subsections (13), (14), and (15) of section (b) respectively address the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems; separate trials under Rule 42(b) with respect to a claim or with respect to any particular issue in the case; and the presentation of evidence early in the trial with respect to a manageable issue that could, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c).  Subsection (16) is a catch-all for other matters that may facilitate the just, speedy, and inexpensive disposition of the action.

Lumping  a large number of Plaintiffs who are not similarly situated (but for Hurricane Katrina, some kind of damage, and at least one common insurance carrier) in one case is not the appropriate answer; neither is objecting to some kind of consolidation.  With real cooperation from all counsel (which the Court expects), and not just efforts to goad or oppose positions for their own sake (which is truly counter-productive), common questions of law or fact which may exist in separate cases are surely identifiable, although the Court will not venture a guess as to any of them for fear of limiting substantive analysis or fact-based imagination.

Accordingly, **IT IS ORDERED**:

Plaintiffs' [40] Objections to the [39] Order of Severance is not well taken in any respect and is, therefore, **DENIED**, and the decision of the United States Magistrate Judge is hereby **AFFIRMED**;

This cause of action shall proceed in a manner consistent with all provisions of the [39] Order of Severance, unless otherwise ordered by the United States Magistrate Judge with respect to scheduling matters.

**SO ORDERED** this the 25th day of October, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge